UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

STEPHON PIERRE,

                               Plaintiff,

        -v-

THE CITY OF NEW YORK, New York City Police
Department Officer ("P.O.") LEON LEWIS
(Shield #28932) and P.O. JOHN DOE, in their
individual capacities,

                               Defendants.

---------------------------------------------------------------------x

**COMPLAINT AND DEMAND
FOR A JURY TRIAL**

Index No. **16-CV-5899**

      Plaintiff Stephon Pierre, through his attorney Gillian Cassell-Stiga of Rankin & Taylor, PLLC, as and for his complaint, does hereby state and allege:

### PRELIMINARY STATEMENT

1.  This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, along with pendent claims under the laws of the State of New York.

2.  Plaintiff Stephon Pierre's rights were violated when officers of the New York City Police Department ("NYPD") unconstitutionally and without any legal basis seized, detained, arrested, and searched him. By reason of defendants' actions, including their unreasonable and unlawful searches and seizures, plaintiff was deprived of his constitutional rights.

3.  Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Eastern District of New York.

6. As authorized by New York General Municipal Law § 50-e, Mr. Pierre filed a timely Notice of Claim with the New York City Comptroller on or about April 20, 2016. Thus, this Court has supplemental jurisdiction over Mr. Pierre's claims under New York law because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

7. Mr. Pierre's claims have not been adjusted by the New York City Comptroller's Office.

8. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## PARTIES

9. Plaintiff Stephon Pierre ("Pierre") is and was at all times relevant to this action, a resident of Richmond County in the State of New York.

10. Defendant The City of New York ("City") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

11. New York City Police Department Officer ("P.O.") Leon Lewis (Shield #28932) ("Lewis") and P.O. John Doe (referred to collectively as the "individual defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD.

12. The individual defendants are being sued in their individual capacities.

13. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.  They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

14. The individual defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

15. At all relevant times, the individual defendants were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

16. The true name and shield number of defendant P.O. John Doe is not currently known to the plaintiff.[1]  However, he was an employee or agent of the NYPD on the date of the incident. Accordingly, he is entitled to representation in this action by the New York City Law Department ("Law Department") upon his request, pursuant to New York State General Municipal Law § 50-k.  The Law Department, then, is hereby put on notice (a) that plaintiff intends to name said officer as  a defendant in an amended pleading once the true name and

---

[1]        By identifying said defendants as "John Doe" or "Richard Roe," plaintiff is making no representations as to the gender of said defendants.

shield number of said defendant becomes known and (b) that the Law Department should immediately begin preparing his defense in this action.

## STATEMENT OF FACTS

17. On June 1, 2015, at approximately 6:31 p.m., Stephon Pierre was unlawfully arrested by P.O. Lewis and P.O. Doe (upon information and belief "Salvatierre") at or about 1293 Castleton Avenue in Richmond County in the State of New York.

18. Shortly before his arrest, Mr. Pierre had left work.

19. Mr. Pierre often uses a small legal and common folding knife in the course of his work to open boxes.

20. Because he was coming from work, Mr. Pierre had the knife clipped to the interior of his pants pocket.

21. P.O. Lewis and P.O. Doe pulled a marked patrol car along the curb next to Mr. Pierre.

22. The individual defendants exited their vehicle and approached Mr. Pierre.

23. P.O. Lewis reached out and took the knife from Mr. Pierre's pocket.

24. P.O. Lewis then attempted to open Mr. Pierre's knife with a flick of the wrist but was unable to do so.

25. Despite failing to confirm Mr. Pierre's knife was a gravity knife, the individual defendants placed Mr. Pierre in handcuffs.

26. Mr. Pierre was transported to the 120th Precinct.

27. Mr. Pierre was held in custody overnight.

28. Mr. Pierre was charged with Criminal Possession of a Weapon in the Fourth Degree, P.L. § 265.01(1), requiring plaintiff to come to court several times during the course of the following months.

29. The charges were based on the materially false statements submitted by the individual defendants.

30. Nearly a year later, the charge was dismissed by motion of the district attorney's office on April 8, 2016.

31. As a result of his handcuffing and arrest, Mr. Lewis experienced pain, suffering, mental anguish, and humiliation.

**FIRST CLAIM**
**DEPRIVATION OF RIGHTS**
**UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983**
(*Against the individual defendants*)

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. Defendants, under color of state law, subjected the plaintiff to the foregoing acts and omissions, thereby depriving plaintiff of his rights, privileges and immunities secured by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable seizure of his person; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment; (d) right to fair trial and due process under the law and freedom from the fabrication of evidence or lodging of false charges against him by police officers; (f) freedom from malicious prosecution; and (g) failure to intervene to prevent the complained of conduct.

34. Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

**SECOND CLAIM**
**LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL**
**VIOLATIONS – 42 U.S.C. § 1983**
(*Against defendant the City of New York*)

35. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

36. At all times material to this complaint, defendant the City of New York had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein, to wit, arresting individuals in possession of legal common folding knives.

    a. For many years local news outlets have been tracking the NYPD's practice of unconstitutional arrests pursuant to the gravity knife statute.

        i. Jon Campbell, Gravity Knife Reform Passes Legislature, Over Objections From de Blasio, Village Voice, June 15, 2016, available at: http://www.villagevoice.com/news/gravity-knife-reform-passes-legislature-over-objections-from-de-blasio-8741730

        ii. Corinne Ramey, Knife Ban Spurs Legal Fight Over Arrests in New York City, Wall Street, Journal, June 2, 2016, available at: http://www.wsj.com/articles/knife-ban-spurs-legal-fight-over-arrests-in-new-york-city-1464915061

        iii. New York's Outdated Knife Law, Editorial Board, The New York Times, May 31, 2016, available at: http://www.nytimes.com/2016/05/31/opinion/new-yorks-outdated-knife-law.html?_r=0

        iv. John Marzulli, EXCLUSIVE: NYC pays $57G to electrician after cop wrongfully arrested him for utility knife, New York Daily News, August 28, 2015, available at http://www.nydailynews.com/new-york/exclusive-city-pays-575g-gravity-knife-goof-article-1.2339973

    b. On November 13, 2015, a motion for class certification was filed in Clay, et al. v. The City Of New York, et al., 14-cv-09171(RMB)(KNF) on behalf of individuals unconstitutionally arrested pursuant to New York Penal Law § 265.00(5).

        i. The motion revealed that 74% of arrests pursuant to New York Penal Law § 265.00(5) were either dismissed or never prosecuted following arrest. Id. at 3-

4 ("the statistical sample reveals that from 2011 through 2013, anywhere between 4,244 and 5,387 people were falsely arrested for possessing knives that were in fact NOT GRAVITY KNIVES"). This ratio represents almost double the dismissal rate for arrests generally over that same period.

ii. A pre-certification inspection revealed that only one (1) out of the sixty nine (69) randomly selected knives actually represented a design consistent with a gravity knife, indicating that ninety nine percent (99%) of all of the gravity knife arrests made by the NYPD that are ultimately dismissed (seventy four percent (74%) of all gravity knife arrests overall) did not even involve possession of a gravity knife.

iii. The statistical sample revealed that from 2011 through 2013, anywhere between 4,244 and 5,387 people were falsely arrested for possessing knives that were in fact NOT GRAVITY KNIVES.

37. At all times material to this complaint, defendant the City of New York failed to properly train, screen, supervise, or discipline its employees and police officers, including individual defendants, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline the individual defendants.

38. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

39. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM FOR RELIEF
### FALSE ARREST AND FALSE IMPRISONMENT
### UNDER THE LAWS OF THE STATE OF NEW YORK
#### (*Against all defendants*)

40. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

7

41. By the actions described above, the individual defendants caused to be falsely arrested or falsely arrested plaintiff, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so, maliciously prosecuted plaintiff, and abused process.

42. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. The conduct of the individual defendants alleged herein occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to plaintiffs pursuant to the state common law doctrine of respondeat superior.

44. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and was otherwise damaged and injured.

**FOURTH CLAIM FOR RELIEF**
**ASSAULT AND BATTERY**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against all defendants*)

45. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

46. By the actions described above (namely, forwarding false information to other police officers, resulting in the custodial arrest of plaintiff), the individual defendants did inflict assault and battery upon plaintiff. The acts and conduct of individual defendants were the

direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

47. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

48. As a result of the foregoing, Plaintiff suffered emotional distress, humiliation, and was otherwise damaged and injured.

**FIFTH CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
*(Against all defendants)*

49. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50. By the actions described above, the individual defendants caused a criminal proceeding to be initiated against Plaintiff, even though there was no probable cause for an arrest or prosecution in this matter. The individual defendants maliciously caused this prosecution to be initiated in that they knew there was no probable cause for such prosecution and that they further wished to harm and punish Plaintiff for illegitimate reasons and to cover for the individual defendants' misdeeds. The criminal case against Plaintiff was terminated in his favor in that all charges were dismissed.

51. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with

and/or invoking state power and/or authority, and, as a result, defendant City is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

52. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**SIXTH CLAIM FOR RELIEF**
**ABUSE OF PROCESS**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against all defendants*)

53. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

54. By the conduct and actions described above, the individual defendants caused regularly issued process to be issued against Plaintiff compelling the performance or forbearance of prescribed acts, including but not limited to causing criminal process to issue. The purpose of activating the process was intent to harm Plaintiff without economic or social excuse or justification, and the individual defendants were seeking a collateral advantage or corresponding detriment to Plaintiff, including but not limited to covering for their own misdeeds by causing Plaintiff to be charged with crimes, a goal which was outside the legitimate ends of the process. The acts and conduct of the individual defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55. The conduct of the individual defendants alleged herein occurred while they were on duty, and/or in and during the course and scope of their duties and functions as NYPD officers, and/or while they were acting as agents and employees of defendant City, clothed with and/or invoking state power and/or authority, and, as a result, defendant City is liable to Plaintiff pursuant to the state common law doctrine of respondeat superior.

56. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**SEVENTH CLAIM FOR RELIEF**
**NEGLIGENCE**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
*(Against all defendants)*

57. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

58. Defendants owed a duty of care to Plaintiff to prevent the physical, mental, and economic damages sustained by Plaintiff. Under the same or similar circumstances, a reasonable, prudent, and careful person would have anticipated that an injury to Plaintiff or to those in a like situation would probably result from this conduct.

59. Defendants jointly and severally, negligently caused injury, pain and suffering, emotional distress, and damage to Plaintiff. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. Defendant City negligently hired, screened, retained, supervised, and trained the individuals defendants.

61. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

**EIGHTH CLAIM FOR RELIEF**
**RESPONDEAT SUPERIOR LIABILITY**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against the City of New York*)

62. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

63. The conduct of the individual defendants as alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as police officers and/or while they were acting as agents and employees of the City of New York and, as a result, the City of New York, is liable to the plaintiff pursuant to state common law doctrine of respondeat superior.

64. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

**NINETH CLAIM FOR RELIEF**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**UNDER THE LAWS OF THE STATE OF NEW YORK**
(*Against all defendants*)

65. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

66. By the actions described above, defendants engaged in extreme and outrageous conduct, which negligently caused severe emotion distress to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## TENTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## UNDER THE LAWS OF THE STATE OF NEW YORK
### (*Against all defendants*)

68. Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

69. By the actions described above, defendants engaged in extreme and outrageous conduct, which intentionally caused severe emotion distress to Plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

70. As a result of the foregoing, Plaintiff was deprived of his liberty and property, suffered emotional distress, humiliation, and was otherwise damaged and injured.

## JURY DEMAND

71. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

[signature page follows]

Dated:   New York, New York
         October 20, 2016

                                        Respectfully submitted,

                              By:       _____
                                        Gillian Cassell-Stiga
                                        Rankin & Taylor, PLLC
                                        *Attorneys for the Plaintiff*
                                        11 Park Place, Suite 914
                                        New York, New York 10007
                                        t: 212-226-4507

14